COLLETT, C. J.
The counsel filing these pleas must either be ignorant of the rules of pleading himself, or count much on the want of knowledge or inattention of the court. The tendency of such pleading is to disgrace the profession and practice, and it is not right for gentlemen to indulge in that way.
The second plea is a special non est factum, and ought not to be filed with the first, which is a general plea of the same nature. It would seem that the party could not swear to the general allegation that the deed was not his, but was willing so to swear, if the circumstances from which he deduced the denial were detailed. The defendant will elect which he will abide by. [He then elected to abide by the second plea, and the first was withdrawn from the file.]
The first question in the order they are presented, arises on the secondplea. It is truly said to amount to the general issue, and we understand it so pleaded. The plaintiff should have taken issue^on it, not demurred. It is alleged to be double. Duplicity in lead *771 ing should be shown by the party alleging it — none is pointed out in this plea, and we are not disposed to hunt for it. The demurrer to the second plea is overruled.
The fifth plea merely alleges the fact that the principal obligor of the bond placed in the hands of the obligee certain notes, with permission to receive the money and apply to the bond, and that by his negligence they were lost. What matter of defence to this action the pleader had in view in framing this plea we cannot divine. If to set off the damages his client had sustained by the negligence of the plaintiff, it is bad, because a setoff is not the subject of a plea.
The demurrer to the sixth plea objects its want of certainty and its argumentative character. The plea supposes an appeal bond void, because not taken in double the amount of the judgment. Such objection is too late in a suit on the bond. The appellee might have objected to the appeal on that account in any stage of the proceedings; but not having done so, the obligors cannot object that matter. The bond would be good as a common law bond, though not strictly a statutory one; there is nothing in the condition against law or *good morals. But the plea attains to no certainty; it does [744 not disclose the amount of the judgment in the lower court, nor the assumed fact, that the amount of the penalty is less than double the judgment.
That one of several obligors had for several years property at his residence, in another county, sufficient to satisfy the judgment, and no legal steps were taken to make the money, is a novel defence to be set up to a suit on a bond. We cannot waste our time in discussing it. That is the only matter disclosed in the sixth plea.
The tenth plea relates the mode in which the clerk applied to the defendant to execute the bond, and the friendly motive which influenced him to perform the mere act of accommodation. It then discloses the fact that the bond was a printed form, some part of which was blank when executed, but it nowhere discloses what part, or whether material or not — time elapsed before he heard of it again, and that he never authorized a deed to be written on it. If this plea be anything, it is another (a third) non est factum, and as such should have concluded to the country. We cannot but admire the caution of the defendant or his legal adviser. His conscience restrains him from swearing the bond is not his, but permits him in the second plea to make oath to an argument and deduction of this fact. Now, again, he cannot assert that material parts of this bond were blank and had been filled up without his authority, *772 but argues about other matters, and asserts that he never authorized a deed to be written above the signature !
The demurrers to the fifth, sixth, seventh, and tenth pleas are sustained.
[Appeal bond — court will not substitute its discretion in interference with clerk’s duties; Stanbery v. Mitten, 8 O. 456, 547. Setoff is not subject of a plea; Haines v. Lytle, 4 W. L. J. 1.]